UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

| In re: | **James A Grubb** | **Michelle M Grubb** | Case No. | **2:11-bk-10853** |
|---|---|---|---|---|
| | **6139** | **5976** | Chapter | **13** |

# AMENDED - CHAPTER 13 PLAN

NOTICE

THIS PLAN CONTAINS EVIDENTIARY MATTER WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT AS TRUE. CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE § 1324, AND LOCAL RULES. ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATION AND ALLEGATIONS CONTAINED HEREIN.

The Debtor(s) above named hereby proposes the following plan.

1. <u>Debts.</u> All debts are provided for by this Plan. Only creditors holding claims duly proved and allowed shall be entitled to payments from the Trustee. (See Notice of Filing of Bar Date.) <u>Trustee shall not file a claim on behalf of any creditor.</u>

2. Payments. As of the date of this plan, the debtor has paid **$0.00** to the Trustee. Debtor and/or any entity from whom the debtor(s) receive income shall pay to the Trustee the sum of **$410.00 Monthly,** commencing **03/04/2011,** for **60** months for a total of **$24,600.00** or until such amounts are paid that will afford payment of all allowed and proven claims in the amounts payable under this Plan.

| Graduated Payments: | BEGIN MONTH | # OF MONTHS | ADJUSTMENT |
|---|---|---|---|

3. <u>Plan Payments.</u> The Trustee, from available funds, shall make payments to creditors in the following amounts and order. All dates for beginning of payments are estimates only and may be adjusted by the Trustee as necessary to carry out the terms of this plan.

| A. DEBTOR'S ATTORNEY | FEE REQUESTED | PAID TO DATE | BALANCE DUE | | |
|---|---|---|---|---|---|
| **Lawrence S Rubin** | 3,000.00 | 1,500.00 | 1,500.00 | | |

B. <u>Mortgage Arrears.</u> (Regular monthly payments to be made by Debtor and to start on the first due date after date of filing petition.)

| CREDITOR | RATE | ARREARS | | | |
|---|---|---|---|---|---|
| **Bac Home Loans Servici** | 0.00% | 19,141.50 | | | |

C. <u>Secured Claims.</u> (A creditor's secured claim shall be the net amount due as of date of filing or the value of the collateral to which creditor's lien attaches, whichever is less. Interest shall be allowed at contract rate or **0.00%** APR whichever is less. Creditor shall retain its lien until the allowed secured portion of the claim is fully paid.)

| CREDITOR & COLLATERAL | RATE | CLAIM | --- PAYMENT SCHEDULE --- | | | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| | | | PAYMENT | MONTH | LENGTH | |

i. Secured Claims - Paid in full

   NONE

ii. Secured Claims - Cure default only

   NONE

| In re: | James A Grubb | Michelle M Grubb | Case No. | |
|---|---|---|---|---|
| | 6139 | 5976 | Chapter | 13 |

D. <u>Priority Claims.</u> (Unsecured claims entitled to priority under 11 U.S.C. § 507 shall be paid in full as follows.)

| CREDITOR | PRIORITY CLAIM | --- PAYMENT SCHEDULE --- | | | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | PAYMENT | MONTH | LENGTH | |
| **NONE** | | | | | |

E. <u>Separate Class of Unsecured Claims.</u> (May include co-signed debts as provided for by 11 U.S.C. § 1301, including interest at contract rate.)

| CREDITOR & CLASSIFICATION | UNSECURED CLAIM RATE | --- PAYMENT SCHEDULE --- | | | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | PAYMENT | MONTH | LENGTH | |
| **NONE** | | | | | |

F. <u>Unsecured Creditors.</u> (All other creditors not scheduled above are deemed unsecured without priority and shall be paid pro rata from funds remaining after payment of above scheduled claims. Debtor estimates the unsecured claims to total $ **10,000.00,** and proposes to provide at least **$ 1,498.50** which will pay in full said creditors' claims, or in no event, provide a composition percentage of less than **2.62%**. (Funds Provided/Unsecured Claims)

G. <u>Lien Avoidance.</u> (Debtor intends to file a motion, pursuant to Bankruptcy Rule 4003(d) to avoid all nonpossesssory, nonpurchase money security interests and judicial liens as provided by 11 U.S.C. § 522(f), and the plan herein provides for payment of such liens as general unsecured claims only. Any creditors' claim or portion thereof not listed in paragraph C above is to be treated as unsecured and, unless objected to, such unsecured status, for purposes of this plan, will be binding upon confirmation, but the lien shall survive unless avoided.

H. <u>Leases and Contracts.</u> The Debtor hereby assumes the following unexpired leases and executory contracts, and rejects all others.

| NAME OF CREDITOR | DESCRIPTION |
|---|---|
| **NONE** | |

I. <u>Miscellaneous Provisions.</u>

**Unsecured creditors shall be paid pro rata.**

4. <u>Secured Claims - Paid directly by debtor(s).</u> The following creditors' claims are fully secured, shall be paid directly by the debtors, and receive no payments under paragraph 3 above:

| CREDITOR | COLLATERAL | MARKET VALUE | AMOUNT OF CLAIM |
|---|---|---|---|
| **Bac Home Loans Servici** | ▮ | **228,000.00** | **213,211.62** |

5. <u>Future Income.</u> Debtor(s) submits all future earnings or other future income to such supervision and control of the Trustee as is necessary for the execution of this Plan.

6. <u>Standing Trustee Percentage Fee.</u> Pursuant to 28 U.S.C. § 586(e)(B), the Attorney General, after consultation with the United States Trustee, sets a percentage fee not to exceed ten percent of payments made to creditors by the Trustee under the terms of this Plan.

| | | |
|---|---|---|
| In re: | James A Grubb     Michelle M Grubb | Case No. |
| | 6139     5976 | Chapter 13 |

## SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE

### A. Total debt provided under the Plan and administrative expenses

| | |
|---|---|
| 1. Attorney Fees | 1,500.00 |
| 2. Mortgage Arrears | 19,141.50 |
| 3. Secured Claims | 0.00 |
| 4. Priority Claims | 0.00 |
| 5. Separate Class of Unsecured Claims | 0.00 |
| 6. All other unsecured claims | 1,498.50 |
| Total payments to above Creditors | 22,140.00 |
| Trustee percentage | 2,460.00 |
| * Total Debtor payments to the Plan | 24,600.00 |

\* Total payments must equal total of payments set forth in paragraph 2 on page 1 of this Plan.

### B. Reconciliation with Chapter 7

| | |
|---|---|
| 1. Interest of unsecured creditors if Chapter 7 filed | |
|    a. Total property of debtor | 247,270.00 |
|    b. Property securing debt | 213,211.62 |
|    c. Exempt property | 34,858.38 |
|    d. Priority unsecured claims | 0.00 |
|    e. Chapter 7 trustee fee | 0.00 |
|    f. Funds for Chapter 7 distribution (est.) | 0.00 |
| 2. Percent of unsecured, nonpriority claims paid under Plan | 2.62 |
| 3. Percent of unsecured, nonpriority claims paid if Chapter 7 filed (est.) | 0.00 |

Attorney for Debtor(s):

**Lawrence S Rubin**
**27195**

**Lawrence S Rubin, Atty.**
**337 W State Street**
**Media, PA 19063-2615**

Signed:  **s/ James A Grubb**
           James A Grubb, Debtor

Signed:  **s/ Michelle M Grubb**
           Michelle M Grubb, Joint Debtor

Phone:  **610-565-6660**
Fax:  **610-565-1912**

Signed:  **s/Lawrence S. Rubin, Atty.**
         **Lawrence S Rubin**

Dated:  **6/29/2011**